UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL K. LEGISTER,

                              Plaintiff,

                    -against-

LEAH RADOWITZ; DEBORAH RADOWITZ;
NEW YORK STATE CHILD SUPPORT UNIT
OF GOSHEN, NY ORANGE COUNTY;
MAGISTRATE BARBARA O. AFRIYIE,

                              Defendants.

1:20-CV-9330 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

        Plaintiff Paul K. Legister, appearing *pro se*, asserts claims under 42 U.S.C. § 1983 and

state law seeking damages and injunctive relief. He sues: (1) Leah Radowitz, the mother of his

child, (2) Deborah Radowitz, the mother of Leah Radowitz, (3) the "New York State Child

Support Unit of Goshen, NY Orange County," and (4) Barbara O. Afriyie, a Support Magistrate

of the New York Family Court, Orange County.

        By order dated December 8, 2020, the Court granted Plaintiff's request to proceed *in

forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons discussed below, the

Court dismisses this action.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

_____

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission's
references to minor child's name must be limited to the minor child's initials. Plaintiff's
complaint and IFP application list the full names of minor children. The Court has therefore
directed the Clerk of Court to restrict electronic access to the complaint and IFP application to a
"case-participant only" basis.

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following in his complaint: On June 25, 2015, Plaintiff entered into a contract with Leah and Deborah Radowitz in which Plaintiff agreed that Leah Radowitz would

retain sole custody of their minor child and, in exchange, Leah Radowitz would absolve Plaintiff

of any child support obligations for that child. But in June 2016, Leah Radowitz breached the

contract by filing a petition in the New York Family Court, Orange County, seeking child

support from Plaintiff. The New York Family Court has issued judgments determining that

Plaintiff owes approximately $22,000 in child support, and that court and the "New York State

Child Support Unit of Goshen, NY Orange County" has attempted to collect that amount from

Plaintiff.

Support Magistrate Afriyie "has violated her oath of office as a sworn in a[u]thority to

uphold [Plaintiff's] U.S. Constitutional rights civil liberty to the right to contract . . . saying in

quote, 'There is nothing I can do pertaining to your contract although your rights to contract may

be true.'" (ECF 2, at 6.)

Plaintiff has been:

placed under arrest, harassed by all judges, Carri Wood and Magistrate . . . Afriyie
while deprived [of his] civil liberties, due process of law, proper counsel of
representation, the right to present facts of evidence to prove said claims, frozen
bank accounts, wage withholdings and garnishments, not proper just court of
record, continuous frivolous claims of orders to money owed, and extortion of
[his] rights to life, liberty, and the pursuit of happiness.

(*Id.*)

Plaintiff asks that all the parties' immunity from suit "be lifted," and that Support

Magistrate Afriyie be stripped of her duties. (*Id.*) He also asks for damages or to "have all

arrears, judgments, [and] orders of money and arrears dismissed and voided." (*Id.*)

## DISCUSSION

A.    **This Court cannot set aside or modify a Family Court order or judgment
      concerning child support**

The Court understands Plaintiff's complaint as asserting claims in which Plaintiff asks

the Court to: (1) nullify a determination of the New York Family Court, Orange County, with

regard to Plaintiff's obligation to pay child support, and (2) enjoin the County of Orange from garnishing Plaintiff's income to pay his child-support arrears. Under the *Rooker-Feldman* doctrine, however, this Court lacks subject-matter jurisdiction to consider any of Plaintiff's claims challenging the validity or enforcement of the Family Court's final orders or judgments. In the alternative, under the domestic-relations abstention doctrine, the Court must abstain from exercising its federal-question jurisdiction over these claims.[2]

1.     **The *Rooker-Feldman* doctrine**

Federal district courts lack authority to review state-court final orders and judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments . . . .").

"[I]n some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F. 3d 77, 88 (2d Cir. 2005). Federal review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district-court review and rejection of the state-court judgment; and (4) the state-court judgment must have been rendered before the district-court proceedings commenced. *Id.* at 85 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

---

[2] Plaintiff has invoked the Court's federal-question jurisdiction by asserting claims under 42 U.S.C. § 1983 in which he asserts that the defendants have violated his federal constitutional rights. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

A plaintiff's challenge in a federal district court to "the validity or enforcement of [a] child support order itself" is barred by the *Rooker-Feldman* doctrine. *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013). Thus, a plaintiff's request that this Court review and overturn an order or judgment of a New York Family Court determining that the plaintiff owes child support or setting the amount of child support owed is barred by that doctrine. *See, e.g.*, *Hall v. Clinton Cnty.*, No. 8:18-CV-1405, 2020 WL 1923236, at *4 (N.D.N.Y. Apr. 21, 2020); *Williams v. NYU Hosp. Ctr. Fin. & Payroll Support*, No. 19-CV-11612, 2020 WL 1878119, at *3 (S.D.N.Y. Apr. 14, 2020) (citing *Remy v. New York State Dep't of Taxation and Fin.*, 507 F. App'x 16, 18 (2d Cir. 2018) (summary order)); *Ganiyu v. Lopez*, No. 1:19-CV-11605, 2020 WL 1467356, at *2-3 (S.D.N.Y. Mar. 25, 2020); *see also Davis v. Westchester Cnty. Family Court*, No. 16-CV-9487, 2017 WL 4311039, at *8 (S.D.N.Y. Sept. 26, 2017) ("Courts have repeatedly invoked *Rooker-Feldman* in cases in which plaintiffs challenge family court decrees setting child support arrears . . . . The fact that Plaintiff is challenging the constitutional adequacy of the proceedings is of no help to him, as many of the cases cited above (and others) have arisen in identical contexts.") (internal quotation marks and citation omitted).

The *Rooker-Feldman* doctrine also bars claims arising out of a third party's actions when those actions "are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Hoblock*, 422 F.3d at 88 (holding that "[w]here a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that" the *Rooker-Feldman* doctrine bars). "Courts have applied this doctrine to bar claims challenging the enforcement of child-support orders by garnishment, seizure, and suspension of a child-support debtor's driver's license." *Ganiyu*, 2020 WL 1467356, at *3 (collecting cases).

Plaintiff's complaint challenges final orders and judgments of the New York Family Court, Orange County, issued before Plaintiff filed this action, in which the Family Court determined that Plaintiff owes child support and set an amount owed. By asking this Court to order "all arrears, judgments, orders of money and arrears dismissed and voided" (ECF 2, at 6), Plaintiff challenges the validity of those final orders and judgments Thus, those claims for relief are barred by the *Rooker-Feldman* doctrine, and the Court dismisses them for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291 (the *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction").

### 2.     The domestic-relations abstention doctrine

In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal-question jurisdiction over claims involving domestic-relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court should abstain from exercising its federal-question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted).

Two years after the Second Circuit issued its decision in *American Airlines*, the Supreme Court of the United States held, in *Ankenbrandt v. Richards*, that a previously recognized exception to the federal district courts' subject-matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in actions brought under a federal district court's diversity jurisdiction. 504 U.S. 689, 703 (1992).

On October 30, 2019, the Second Circuit, in *Deem v. DiMella-Deem*, held that regardless of the Supreme Court's holding in *Ankenbrandt*, its own previous holding in *American Airlines*

remains good law. 941 F.3d 618, 621 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 2763 (2020). Thus, "[a]lthough the domestic relations 'exception' to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrandt* . . . does not apply in federal-question cases, the domestic relations *abstention* doctrine articulated in *American Airlines* does." *Id.* Federal district courts must therefore abstain from exercising federal-question jurisdiction over claims involving domestic-relations issues and dismiss those types of claims for lack of jurisdiction when they are asserted under diversity jurisdiction. *See id.* at 621-24.

Plaintiff asserts claims under the Court's federal-question jurisdiction and asks this Court to overturn or "dismiss and void" final determinations of the New York Family Court, Orange County. (ECF 2, at 6.) He challenges the fact that he must pay child support, the amount owed, and that his income is being garnished to pay his child-support arrears. His claims therefore involve domestic-relations issues. Thus, unless he shows that there is an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts, this Court must abstain from exercising its federal-question jurisdiction over his claims arising from the Family Court's orders and judgments and their enforcement. *Am. Airlines*, 905 F.2d at 14; *Simmons v. NYS Dep't of Soc. Servs.*, No. 19-CV-3633, 2019 WL 5810307, at *4 n.2 (S.D.N.Y. Nov. 5, 2019) ("Thus, even if *Rooker-Feldman* did not bar Plaintiff's claim asking this Court to review a support order that the Family Court issued, calculation of support payments is the type of domestic relations issue that the Court generally abstains from hearing"); *Myers v. Sara Lee Corp.*, No. 08-CV-1421, 2009 WL 10706711, at *10 (E.D.N.Y. Apr. 13, 2009) ("As in *American Airlines*, the income execution for which enforcement is sought consists of an ongoing support obligation that is subject to modification by the Family Court. Enforcement by this court would thus require interference with the ability of the Family Court to modify ongoing child support

obligations, and abstention would be mandated here for the same reasons it was required as to the non-final judgment amounts in *American Airlines*.").

Plaintiff alleges no facts suggesting that there are any obstacles preventing him from receiving a full and fair determination regarding whether he owes child support, the amount owed, or the garnishment of his income to pay arrears. Accordingly, under the domestic-relations abstention doctrine, the Court alternatively abstains from exercising its federal-question jurisdiction over Plaintiff's federal-law claims arising from those issues.

**B.      Support Magistrate Barbara O. Afriyie**

Plaintiff's claims under § 1983 against Support Magistrate Barbara O. Afriyie are also barred under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for claims for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (§ 1983). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). And as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in the complete absence of all jurisdiction." *Mireles* 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be

construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). "District courts within this Circuit have applied this immunity doctrine to New York Family Court Support Magistrates," like Afriyie. *Roger of the Family Forest v. 45 C.F.R. § 75.2 IV-D Contractor Steve Banks*, No. 18-CV-10866. 2019 WL 4194332, at *4 (S.D.N.Y. Aug. 30, 2019) (collecting cases).

Plaintiff asserts claims arising from the efforts of Afriyie, a New York Family Court Support Magistrate, to assess and collect child support that Plaintiff owes pursuant to Family Court orders and judgments. Afriyie is therefore immune from suit under the doctrine of judicial immunity. Accordingly, the Court additionally dismisses Plaintiff's claims under § 1983 against Afriyie under the doctrine of judicial immunity and because these claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *Mills v. Fischer*, 645 F. 3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute, 28 USC. § 1915).[3]

## C.     New York State Child Support Unit of Goshen, NY Orange County

The Court understands the "New York State Child Support Unit of Goshen, NY Orange County" to be the Orange County Child Support Collection Unit ("SCU"). The Court must dismiss Plaintiff's remaining claims under § 1983 against this SCU because municipal agencies,

---

[3] The amendment to § 1983, allowing for injunctive relief against a judge only if a state-court declaratory decree was violated or state-court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive relief against Afriyie. This is so because Plaintiff can seek review, by a Family Court Judge, of a Support Magistrate's rulings, and if unsuccessful, appeal a Family Court Judge's decision in the state appellate courts. *See* N.Y. Family Court Act §§ 439(e), 1112; N.Y.C.P.L.R. § 5602(a)(1), (b)(2); *see generally*, *Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

such as this SCU, which is an agency of the County of Orange, do not have the capacity to be sued under New York State law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

The Court construes these claims as brought against the County of Orange. When a plaintiff sues a municipality, such as the County of Orange, under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under § 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff fails to allege any facts that suggest that a policy, custom, or practice of the County of Orange caused a violation of Plaintiff's federal constitutional rights. The Court

therefore dismisses any remaining claims under § 1983 against the County of Orange for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii); *Collins v. Saratoga Cnty. Support Collection Unit*, No. 1:12-CV-0494, 2012 WL 2571288, *2-3 (N.D.N.Y. July 3, 2012) (dismissing the plaintiff's claims under § 1983 against the Saratoga County Child Support Collection Unit because the plaintiff failed to plead facts showing municipal liability under § 1983), *aff'd*, 528 F. App'x 15 (2d Cir. 2013) (summary order).

### D.     Leah and Deborah Radowitz

The Court dismisses Plaintiffs' claims under § 1983 against Leah and Deborah Radowitz. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "Because the United States Constitution regulates only the Government, not private parties, [in a claim brought under § 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Thus, private parties are generally not state actors, and are therefore not usually liable under § 1983. *Sykes*, 723 F.3d at 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Leah and Deborah Radowitz are private individuals. And Plaintiff does not allege any facts that suggest that they were acting under color of state law when they allegedly injured him. The Court therefore dismisses Plaintiff's claims under § 1983 against Leah and Deborah Radowitz for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**E.       Claims under state law**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**F.       Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff has consented to electronic service of court documents. (ECF 3.) The Court dismisses this action.

The Court dismisses Plaintiff's claims that challenge final orders and judgments of the New York Family Court, Orange County, under the *Rooker-Feldman* doctrine, for lack of subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and alternatively, under the domestic-

relations abstention doctrine first articulated by the Court of Appeals in *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990).

The Court dismisses Plaintiff's remaining claims under 42 U.S.C. § 1983 against New York Family Court Support Magistrate Barbara O. Afriyie as frivolous and for seeking monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court dismisses Plaintiff's claims under § 1983 against Leah Radowitz, Deborah Radowitz, and "New York State Child Support Unit of Goshen, NY Orange County" for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated:   December 16, 2020
         New York, New York

_____
              Louis L. Stanton
              U.S.D.J.